STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
Nick A. Boodrookas, SBN 113076
Robert W. Biederman SBN 177321
One California Street, Third Floor
San Francisco, CA 94111
Telephone: (415) 421-3400
Facsimile: (415 421-2234
Email: nboodrookas@steyerlaw.com
rbiederman@steyerlaw.com

Attorneys for Defendants


LAW OFFICES OF
WAGNER & JONES LLP
Nicholas J.P. Wagner #109455
Andrew B. Jones #076915
Daniel M. Kopfman #192191
Lawrence M. Artenian #103367
Paul C. Mullen #216447
1111 E. Herndon, Ste. 317
Fresno, CA 93720
559/449-1800
559/449-0749 Fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANELL ERICKSON, an individual, LYNDA TREMAIN, an individual, an individual, NAOMI GRIMM, an individual on behalf of themselves, and all persons similarly situated,<br><br>                    Plaintiffs,<br><br>            v.<br><br>OLD REPUBLIC TITLE COMPANY, and DOES 1-50, inclusive,<br><br>                    Defendants. | Civil No.:13-CV-1210 NLS<br>[Assigned for all purposes to Judge Nita L. Stormes]<br><br>CLASS ACTION<br><br>JOINT MOTION FOR DETERMINATION OF APPROPRIATE RELIEF FOR VIOLATION OF COURT'S SEPTEMBER 9, 2013 ORDER, FOR A PROTECTIVE ORDER CONCERNING PLAINTIFFS' NOTICES OF DEPOSITIONS, AND STAY OF DEPOSITIONS PENDING DISPOSITION OF MOTION FOR PROTECTIVE ORDER |

This Joint Motion is filed without a scheduled hearing date pursuant to Local Civil Rule 7.2 (b) and the Court's Civil Case Procedures Regarding Discovery Disputes. Because Plaintiffs and Defendants (the "Parties") do not agree on the content of the requested order, no jointly proposed order is submitted herewith. The Parties jointly request the Court determine the appropriate relief in connection with Defendants' acknowledged violation of the Court's September 9, 2013 Order Granting Motion for Preliminary Approval of Settlement in the instant class and collective action ("Preliminary Approval Order") (Dkt. No. 20) and Defendants' belief that Plaintiffs' Counsel has also violated the Preliminary Approval Order, including a protective order not to permit Plaintiffs' Counsel to take nine (9) depositions that are presently scheduled on October 31, and November 1, 2013 and a stay of those depositions pending the Court's ruling on the motion for protective order.[1]

## I.   DEFENDANTS' INTRODUCTION AND STATEMENT OF FACTS

### A.   Preliminary Approval Order and the October 1 Dosa Email

The pertinent provision of the Preliminary Approval Order at p. 23:17-25 states:

> If a Settlement Class Member contacts Plaintiffs, Plaintiffs' Counsel, Defendant or Defendant's Counsel about the Settlement, each of the above shall instruct the Settlement Class Member to call the Settlement Class Administrator. Defendant is authorized to engage in other communications with Settlement Class Members within the normal course of its business. Additionally, the Court finds that the

---

[1] On October 25, Plaintiffs filed a Joint Motion (Docket No. 28) with Defendants' Counsel electronic signature, which Defendants' Counsel did not authorize. Declaration of Robert W. Biederman ("Biederman Dec.") at p.5:7-16. After being notified, Plaintiffs agreed to withdraw it, but did not so, Defendants filed a Withdrawal on October 25 (Docket No. 29).

1
2
3
4

protocol for Plaintiffs' Counsel's communications with Settlement
Class Members in the form of Plaintiffs' Counsel's Letter is fair and
reasonable. The Parties, Plaintiffs' Counsel, or Defendant's Counsel
shall not discourage any Settlement Class Member from participating
in the Settlement.

5
6
7
8
9
10
11
12
13

Pursuant to the Preliminary Approval Order, on September 30, 2013, the
Settlement Class Administrator sent the Class Notice Package to 1,225 Settlement
Class Members.  Biederman Dec. at p. 1:16-19; Exhibit 1 thereto.  On October 1,
2013, Rick Dosa, Corporate Counsel for Defendants, sent an email to management
personnel including regional managers, county managers, escrow operation
managers, and branch managers instructing them not to have communications with
Settlement Class Members.  Declaration of Rick Dosa ("Dosa Dec.") at p. 1:10-21;
Exhibit 1 thereto ("Dosa 10/1/13 Email").

14
15
16
17
18
19
20

As of October 24, 2013, there have been no objections to the proposed
Settlement and three opt-outs. Biederman Dec. at p. 5:21-23.  Additionally, on
September 30, 2013, pursuant to the Class Action Fairness Act ("CAFA"), 28
U.S.C. § 1711 et seq. Defendants served the California Labor Commissioner, the
United States Attorney, and twelve (12) State Attorney Generals with the required
notice, and no objections or inquiries have been received. *Id*. at p. 5: 23-6:2 and
Ex. 3 thereto.

21
22
23
24
25
26
27

B.   Plaintiffs' Counsel's October 16 Call to Defendants' Counsel

On October 16, 2013, Plaintiffs' Counsel Nicholas ("Butch") Wagner
contacted Defendants' Counsel Nick Boodrookas and Robert W. Biederman and
informed them that at the South Lake Tahoe Office there had been a meeting on
October 10 attended by the escrow employees and branch manager at that office,
and the county manager, assistant county manager, and escrow operations manager
for El Dorado County.[2]  Biederman Dec. at p. 1:20-p. 2:3. Plaintiffs' Counsel told

28

[2]  For Placer, El Dorado and Sacramento Counties, Karen Campbell is county

Defendants' Counsel that one or more of Defendants' management employees stated that the escrow employees should participate in the Settlement and receive the money and not opt-out, and if they opted-out they would receive next to nothing. Biederman Dec. at p. 2:1-3. This was the first time either Defendants' Counsel or Defendants' Corporate Counsel had heard of this event. Biederman Dec. at p. 2:5;  Dosa Dec. at p. 1:25-p. 2:1.

        C.      <u>Plaintiffs' Counsel's Violation of the October 3, 2013 Order</u>

      Plaintiffs' Counsel initiated a contact with Settlement Class Member Jenny Lane on <u>October 7</u> by going to the South Lake Tahoe office to meet with her to talk about Defendants and attempted to obtain from Ms. Lane contact information for Settlement Class Members. *See* Declaration of Candy Clymer ("Clymer Dec.") at p. 2:16-3:6. This communication was in direct violation of the October 3, 2013, Order [Dkt. No. 27] that rejected Plaintiffs' request to initiate communications with Settlement Class Members through independent sources. Not only has Plaintiffs' Counsel impermissibly contacted a Settlement Class Member, but he compounded that violation by attempting to obtain information from Ms. Lane to contact other Settlement Class Members.   Plaintiffs' Counsel then contacted Ms. Lane by telephone on October 17. *Ibid.*

      Plaintiffs' objection to the above statements as hearsay should be overruled for several reasons.   <u>First</u>, assuming the above statements are hearsay and not subject to any applicable exception, pursuant to Fed. R. Civ. P. 43(c) this Court can consider hearsay testimony. *See, e.g., LaPorte v. U.S.*, 300 F.2d 878, 882, n. 20 (1962) ("Under its counterpart in the Federal Rules of Civil Procedure, Rule 43(c),

---

manager;   Teresa Johns is Sales Manager and Assistant County Manager; and Phyllis Bianchetti is   Escrow Operations Manager. Declarations of Karen Campbell ("Campbell Dec."), Teresa Johns ("Johns Dec."), and Phyllis Bianchetti ("Bianchetti Dec.").

**JOINT MOTION FOR DETERMINATION OF APPROPRIATE RELIEF FOR VIOLATION OF COURT'S SEPTEMBER 9, 2013 ORDER**

28 U.S.C., it has been held that the district court may in its discretion admit hearsay evidence if satisfied that reasonable standards of necessity and trustworthiness are met."); *Forsberg v. Pefanis*, 261 F.R.D. 694, 700 (N.D. Ga. 2009) ("'Rule 43(c) allows a court to consider hearsay in the form of affidavits and depositions when deciding a motion within its scope . . . .'") (cit. omitted).

<u>Second</u>, the statements are admissible under the Federal Rules of Evidence. Double hearsay or "hearsay within hearsay" is admissible "if each part of the combined statement conforms with an exception to the rule." Fed. R. Ev. 805. The first part – Mr. Wagner's statement to Ms. Lane – is not even hearsay, because it is an opposing party's statement pursuant to Fed. R. Civ. P. 801(d)(2). The October 3, 2013 Order is directed towards Plaintiffs' Counsel and this statement manifests a violation of the Order. Moreover, it is not hearsay, because it is a "legally operative act"; namely, the violation of the October 3 Order. *See, e.g., Hillside Productions, Inc. v. County of Macomb*, Case No. 06-CV-11566, 2007 WL 3275113 at n. 10 ("legally operative act is admissible"). The second part of the statement from Ms. Lane to Ms. Clymer falls within the residual exception to hearsay under Fed. R. Civ. P. 807. The Court has "a fair degree of latitude" to admit evidence under this section. *See, e.g., U.S. v. Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994). Because Defendants are barred from talking with Settlement Class Member Lane, this is the only way that this testimony can be adduced, and such testimony is reliable and trustworthy because Plaintiffs' Counsel has engaged in virtually the identical conduct with this same individual in another case involving a different title company. *See, e.g., Flick v. Bank of America*, 197 F. Supp. 2d 1229, 1230 (D. Nev. 2002) (court admitted affidavits from two friends of Plaintiffs under Fed. R. Civ. P. 807 who were unavailable); *Burda v. Fidelity National Management Service, LLC*, Case No. SACV 11-00247-JVS (C.D. Cal.

November 5, 2012) (Exhibit 1 hereto), slip opinion at 4-5 (improper conduct of Mr. Wagner by providing Ms. Jenny Lane list of class members to verify information).[3]

      D.    <u>Defendants' Acknowledgement of South Lake Tahoe Meeting and Other Meetings in Placer, El Dorado, and Sacramento Counties</u>

Defendants acknowledge that they have violated the above-quoted provision of the Preliminary Approval Order by initiating communications with Settlement Class Members about the Settlement at the following offices in Placer, El Dorado, and Sacramento counties on the following dates and involving the following management personnel and Settlement Class Members:

| Office | Date | Management Personnel Present | No. of Settlement Class Members Present |
|---|---|---|---|
| 2227 Fair Oaks Blvd., Sacramento | 10/3/13 | Phyllis Bianchetti Teresa Johns | 3 Escrow officers ("EO") 1 Escrow assistant ("EA")[4] |
| 2365 Iron Point Road, Folsom | 10/3/13 | Phyllis Bianchetti Teresa Johns Denise Leath (branch manager) | 3 EOs 3 EAs |
| 1512 Eureka Road, Roseville | 10/4/13 | Teresa Johns Cathy Rutter (branch manager) | 2 EOs 4 EAs |

---

[3] Plaintiffs' Counsel's statement that he cannot rebut the statements by Ms. Lane due to the attorney-client privilege is incorrect. The privilege belongs to client Lane who has waived it by talking to third-party Candy Clymer.

[4] At the meetings, there were also account executives who are sales representatives and are not Settlement Class Members.

| | | | |
|---|---|---|---|
| 925          10/4/13<br>Highland Pointe,<br>Roseville CA | | Teresa Johns<br>Faith Palmer<br>(branch manager) | 2 EOs<br>4 EAs |
| 200 Auburn  10/4/13<br>Folsom<br>Road,<br>Auburn CA | | Teresa Johns<br>Teri Tait Wilson<br>(branch manager) | 2 EOs<br>3 EAs |
| 2482          10/10/13<br>Lake Tahoe<br>Blvd., South Lake<br>Tahoe | | Karen Campbell<br>Teresa Johns<br>Phyllis Bianchetti<br>Candy Clymer<br>(branch manager) | 1 EO<br>3 EAs |

Johns Dec. at p. 1:21-p.2:23.  All of the above meetings were routine monthly sessions referred to as "Goals" meetings, the principal purpose of which is to discuss the prior months' productivity (open and closed escrow orders, revenues, and expenses) and the goals for the following month.  Johns Dec., at p. 1:9-20. Additionally, at these meetings, Escrow Operations Manager Bianchetti discusses any updated escrow practices, which she refers to as "Hot Topics," that are distributed in writing to those employees present.  Johns Dec. at p. 1:9-20; 3:1-8; Bianchetti Dec., at p. 1: 9-24; and Exh. 1 thereto.  All meetings other than the South Lake Tahoe meeting lasted about 20 to 30 minutes. The South Lake Tahoe meeting first involved a lunch provided by Old Republic and lasted about one hour. Johns Dec. at p. 2:24-26.

Defendants' very brief statements at the above meetings about the Settlement were as follows:

- Defendants are not allowed to talk about the Settlement.

- The Settlement Class Member can opt-out or opt-in, but whatever he or she does will not reflect badly on his or her employment with Defendants.
- The greater participation of Settlement Class Members will reduce the amount the other participants will receive.

Johns Dec., at p. 3:8-18; p. 4:8-11; Bianchetti Dec., at p. 1:25:p. 2:9;  Campbell Dec., at p. 1: 23-p.2:2; Clymer Dec. at p. 1:24-27.

While the statements are consistent with the terms of the Settlement, Defendants acknowledge these communications never should have taken place, and are contrary to the Preliminary Approval Order and the Dosa 10/01/13 Email. The apparent explanation for the above statements, which were made by Escrow Operations Manager Bianchetti and Assistant County Manager and Sales Manager Johns is as follows:

- Ms. Johns has explained that she was not informed by Ms. Campbell (who was on vacation when she received the Dosa 10/01/13 Email) or Ms. Bianchetti of the Dosa 10/01/13 Email, and generally repeated what Ms. Bianchetti had stated at the Sierra Hills and Folsom meetings on October 3. Johns Dec.at p. 3:19-22; Campbell Dec. at p. 1:23-24.

- While Ms. Bianchetti had received the Dosa 10/01/13 Email and understood that she was not to talk about the Settlement, she mistakenly concluded that she could state that the Settlement Class Member's decision to participate or not participate in the Settlement would have no effect on their employment in order to assure them about their job security.  Bianchetti Dec. at p.2:23-p. 3:4

E.    The Communications In Other Counties

The county managers in Defendants' operations in other counties have stated that they understand the protocol set forth in the Dosa 10/01/13 Email. *See* Declarations of Jackye Chai, Ernie Collins, John Geraci, Dee Ann Lambert, Tiffany Diede, Brenda Donath, Kathy Fenoglio, Mark Gamba, Jayne Silveira,

Cochelle Collins, Ginger Frankel, Katherine Handley,  Heidi McDonald, John Pasco, and Greg DeMartini.  Some of the county managers had been contacted by a Settlement Class Member, and in accordance with the Preliminary Approval Order and the Dosa 10/01/13 Email, they did not discuss the Settlement. *Ibid*.

F. The Dosa October 18, 2013 Email

Corporate Counsel Dosa sent another email stressing mandatory compliance with the Preliminary Approval Order.  Dosa Dec.,at p. 2:7-12; Exhibit 2 thereto.

G. Plaintiffs' Counsel's Proposal and Notices of Deposition and Subpoenas

On October 17, Plaintiffs' Counsel notified Defendants' Counsel that it intended to issue notices of deposition for the participants in the South Lake Tahoe meeting. Biederman Dec. at p. 2:6-16. Plaintiffs' Counsel then indicated that it hoped to resolve this matter so that depositions would be unnecessary.  *Ibid*. Specifically, Plaintiffs' Counsel suggested that Defendants allow Plaintiffs' Counsel to engage in the conduct that was subject of the Joint Motion to Clarify and that the Court did not permit in its October 3, 2013 Order (Dkt. No. 27), and that if Defendants agreed then this entire matter would not have to be brought to the Court's attention. *Ibid*.[5]

H. Defendants' Counsel's Response

On Monday, October 21, Defendants' Counsel told Plaintiffs' Counsel that Defendants did not accept Plaintiffs' Counsel's proposal.  Biederman Dec.at p.

[5]  On October 18,  Plaintiffs' Counsel issued the Notices of Deposition of 9 individuals for October 30 and 31, 2013, which includes four (4) Settlement Class Members, Ms. Johns, Bianchetti, Clymer, and Campbell as well as a non-Class Member who is a marketing or sales representative.  Biederman Dec. at p. 2:17-26; Ex. 2 thereto. Despite the unavailability of Messrs. Boodrookas and Biederman (the only counsel appearing and working on this case), for depositions on October 30, and proposing alternate dates of October 31 and November 1 or November 4 or 5, no agreement was reached to change the current schedule. Biederman Dec. at p. 4:18-5:8.

3:1-p. 3:13.  Rather, Defendants' Counsel stated this matter should be brought to the Court's attention; Defendants acknowledged their violation of the Court's Preliminary Approval Order; in light of Defendants' admission of this violation there was no need to take depositions as to what occurred and to take depositions would circumvent the Court's October 3, 2013 Order concerning Plaintiffs' Counsel's communications with Settlement Class Members.  *Ibid*. While Defendants' Counsel did not believe there has been violation of the Preliminary Approval Order outside of Placer, El Dorado, and Sacramento counties, Defendants' Counsel proposed that a joint letter be sent to all Settlement Class Members to be approved by the Court in the form attached as Exhibit 3 to Biederman Dec. *Ibid*.

Plaintiffs' Counsel responded by suggesting that the parties enter into and file a Stipulation permitting the communications that the Court held were not permissible in the October 3, 2013 Order (Dkt. No. 27).  Biederman Dec. at p. 3:15-19.  When Defendants' Counsel rejected this proposal, Plaintiffs' Counsel agreed to make a joint motion but not to withdraw the depositions. *Id*. at p. 3:20-28.  Accordingly, after meeting and conferring, Plaintiffs and Defendants reached an impasse as to whether the 9 depositions should proceed and Defendants therefore seek a protective order against taking the depositions. *Ibid*.

II.   **DEFENDANTS' POSITION**

A.   A Joint Letter Should Be Sent

Defendants submit that the best means to correct both Defendants' and Plaintiffs' Counsel's improper communication is to send a joint letter focusing on the following points:

- Plaintiffs, Plaintiffs' Counsel, Defendants and Defendants' Counsel are to have no communications with the Settlement Class Members about the Settlement and if contacted are to refer all inquiries to the Settlement Class Administrator.

- If a Settlement Class Member has a question, he or she should contact the Settlement Class Administrator at (877) 283-1772 about the terms of the Settlement and any options concerning participation.
- A summary of the terms of the Settlement are set forth in the Notice of Settlement of Class Action. The Settlement Class Member should rely on what is stated in the Settlement and Notice.

Biederman Dec., at p. 6:4-6; Ex. 4 thereto.

While there is no indication that Defendants have initiated or engaged in communications about the Settlement outside of Placer, El Dorado, or Sacramento counties, Defendants believe the above correspondence should be sent to all Settlement Class Members to assure that there is a uniform communication to all Settlement Class Members. This uniform prophylactic written communication will best address any mistaken communications. Defendants will pay the costs of sending the proposed Joint Letter, which will not be deducted from the $12 million total settlement fund. Biederman Dec. at p. 6:4-6.

       B.    The Court Should Issue a Protective Order Not To Allow Plaintiffs' Counsel to Take Nine (9) Depositions

Defendants have acknowledged their violation of the Preliminary Approval Order, and do not believe it is necessary to take depositions of specified members of Defendants' management, all of whom have candidly acknowledged what occurred. Additionally, as to the proposed depositions of Settlement Class Members, Defendants' Counsel has never seen a lawyer who has subpoenaed his own clients, which is exactly what Plaintiffs' Counsel has done.[6] These depositions are an attempt to circumvent the Court's October 3, 2013 Order by

---

[6] Plaintiffs' Counsel necessarily already contacted one of the Settlement Class members, lest how could it have known about the South Lake Tahoe meeting. As noted above, even prior to (as well as after) the meeting, Plaintiffs' Counsel had an impermissible communication that he initiated with a Settlement Class Member.

engaging in communications directly with certain Settlement Class Members, albeit under the guise of a subpoena.[7] In short, the proposed depositions will merely increase the amount of attorneys' fees and expenses incurred by both sides and merely confirm what Defendants have already admitted.  The more constructive and efficient approach is to immediately address the violation and implement a solution that befits this problem in the form of the proposed Joint Letter. [8]

      Moreover, Defendants have already taken measures to re-emphasize compliance with the Court's October 3, 2013 Order. Promptly after Plaintiffs' Counsel reported the violations on October 18, Defendants sent another email to its management personnel which explicitly states that no communications with Settlement Class Members should take place, without exception. Dosa Dec, Ex. 2 thereto.

      C.    <u>The Court Should Stay the Depositions Pending Ruling on the Motion for Protective Order</u>

      Defendants have attempted to have Plaintiffs' stay the depositions until disposition of the Motion to Compel, but Plaintiffs have refused. Accordingly, Defendants ask the Court to stay the depositions pending ruling on the Motion to

---

[7]  On October 21, while objecting to any depositions as circumventing this Court's October 3, 2013 Order, Defendants' Counsel informed Plaintiffs' Counsel that they were unavailable for depositions on October 30 and 31, 2013.  Biederman Dec. at p. 3:9-13. Subsequently Defendants' Counsel informed Plaintiffs' Counsel that October 31 was available, and proposed either October 31 and November 1 or November 4 and 5. The parties, however, were unable to reach an agreement as to changing the dates of the depositions.

[8]  Alternatively, Defendants request that as stated in Plaintiffs' Position the depositions be limited to "to ascertain what exactly was told to various class members by Defendants' management and to ascertain what effect Defendant's communications regarding the Proposed Settlement has had on class members."

---

**JOINT MOTION FOR DETERMINATION OF APPROPRIATE RELIEF FOR VIOLATION OF COURT'S SEPTEMBER 9, 2013 ORDER**

Compel.  *See, e.g., Huene v. U.S. Dept. of Treasury*, No. 2:11-cv-2110 JAM (E.D. Cal. Jan. 31, 2013) at *3 (unless deponent obtains a stay pending disposition of motion for protective order, the deponent must attend). Should the Court allow the depositions to proceed, defendants intend to issue a deposition notice and subpoena of Ms. Jenny Lane, as Defendants should be allowed to investigate Plaintiffs' counsel's compliance with the Court's October 3 Order.

> D.    There Is No Need to Alter the Terms of the Settlement To Permit Plaintiffs' Counsel to Engage In Communications Contrary to the Terms of the Settlement

Plaintiffs' Counsel's suggestion that this Court permit counsel to essentially modify the Settlement and Preliminary Approval Order to permit *carte blanche* communications with Settlement Class Members is not appropriate.  What has occurred does not justify changing the terms of the Settlement or revisiting the Court's October 3, 2013 Order (Dkt No. 27).  The solution to Defendants' improper communications should not be to permit Plaintiffs' Counsel's wholesale communications that could themselves lead to potential inadvertent misstatements, which would only compound the situation.  Rather, the Parties negotiated for a controlled environment for all communications through the Settlement Class Administrator, which controlled environment is working well. As noted above, to date, no objections have been received; there are only three (3) opt-outs; and no objections or inquiries from the recipients of the CAFA notice.  The proposed joint letter has the benefit of being a uniform communication to all Settlement Class Members as opposed to *ad hoc* communications by Plaintiffs' Counsel with random Settlement Class Members. Finally, Defendants' Counsel's concerns about Plaintiffs' Counsel's communications with Settlement Class Members is highlighted by the fact that Plaintiffs' Counsel contacted and met with a Settlement Class Member without first asking this Court to modify its October 3 Order.

E.   <u>Defendants Leave it to the Court's Discretion to Issue Any Further Orders or Sanctions</u>

While Defendants believe they took steps to prevent any violation through the Dosa 10/01/13 Email and that there was no malevolent intent to violate the Preliminary Approval Order, Defendants acknowledge the violation occurred and apologize to the Court. Defendants leave it to the Court's discretion to address this situation in the form of any further orders or sanctions.

**III.   PLAINTIFFS' POSITION**

Plaintiff seeks the following relief:

(1) The right to communicate with its clients and class members.  Good cause exists for this relief because Defendant's management has communicated with numerous class members about the settlement and whether or not to opt out and the consequences for doing so or not doing so.  Furthermore, Plaintiff needs to communicate with its clients to refute some of the allegations set forth by Defendant in this Joint Motion.

The parties have previously presented a Joint Motion concerning clarification of the Stipulation for Settlement and the Court's Order thereon concerning contact with class members.  To a significant extent, this Motion necessarily requires the Court to revisit that issue.   One of the reasons Plaintiff has sought the right to communicate with class members is because Defendant has been communicating with class members about the settlement and has instructed class members on whether to opt-out and the consequences for doing so or not doing so.  Defendant is the employer of many of the Class Members and has a captive audience in the workplace. Defendant obviously has a significant influence on these class members as a consequence, many of these class members likely to heed the direction of its employer regarding what option to exercise on the

proposed settlement.   Class Counsel is at an obvious disadvantage in being restricted from communicating with its clients and class members especially since Defendant has breached the settlement agreement and the Court's Order previous communicating with class members about the settlement.  Class Counsel seeks the right to communicate confidentially with its own clients and class members to attempt to cure any damage that has resulted from such communications by Defendant's management team and to assure class members that they have a right to exercise any option they chose concerning the settlement without interference from their employer.

Class Counsel also wishes to take the depositions set forth in the deposition notice attached as Exhibit 2 to the Biederman declaration in order to ascertain what exactly was told to various class members by Defendants' management and to ascertain what effect Defendant's communications regarding the Proposed Settlement has had on class members.

An obvious disadvantage to Plaintiff is illustrated in this Joint Motion. Defendant has submitted 14 declarations in support of its position while Plaintiff is unable to submit any declarations (other than the Declaration of Class Counsel) because class counsel has not been allowed to communicate with class members. In addition, Defendant's counsel is attempting to prevent class counsel from taking depositions to ascertain the extent and effect of the Defendant's management team's communications.  As such, at the present time, without permission from the Court, class counsel cannot present evidence to refute the inaccurate evidence in the declarations submitted by Defendant.   For example, class counsel is currently prohibited to communicate with its client, Jenny Lane, to obtain evidence to refute the hearsay and inaccurate statements in the declaration of Candy Clymer.   Class counsel has an attorney-client relationship with Jenny Lane on matters that pre-

date the proposed settlement in this case.

Class Counsel is presently prohibited from presenting evidence to oppose many of the allegations and statements made by Defendant and Defendant's declarants in this motion.   Class Counsel simply seeks a level playing field.

Class counsel wishes to communicate with its clients on the same issues which Defendants management team has communicated. Plaintiffs are obviously at a tremendous disadvantage given the fact that Defendant is the employer of many of the class members and may have already instilled a significant fear in many of its employees and class members regarding the proposed settlement.  Unless Class Counsel has the right to communicate confidentially with its clients, it would be impractical to expect that any harm, fear, or misinformation that has been created by Defendant's management team will be adequately remedied.  Plaintiff is asking for fundamental fairness and the right to talk confidentially with its clients about the same issues that Defendant's management team has, which Defendant has done in violation of the settlement agreement and the Court's previous order.

Class counsel has not breached any of the terms of the settlement agreement nor has class counsel violated the Court's September 9, 2013 Order.   The allegations set forth in the declaration of Candy Clymer are based on inaccurate and inadmissible hearsay.

Due to the fact that Class Counsel has and is litigating other wage and hour class actions on behalf of escrow officers, many of the class members in the present action are also class members, putative class members, clients, or witnesses in other legal matters including other class actions presently being litigated by Class Counsel.  Currently, class counsel represents several class members in other legal matters involving many of the same issues that are present in the current case. It is Plaintiff's position that Class Counsel is allowed to exercise its First Amendment Constitutional Right and ethical obligations to communicate with its

clients about essential legal matters other than the terms of the settlement agreement in this case.  Class Counsel does not construe the Court's Order as preventing Class counsel from communicating with clients on issues other than the terms of the settlement agreement in this case.

Dated: October 28, 2013          Respectfully submitted,

                                 STEYER LOWENTHAL BOODROOKAS
                                 ALVAREZ & SMITH LLP

                                 By:/s/ Robert W.Biederman
                                        Nick A. Boodrookas
                                        Robert W. Biederman
                                        Attorneys for Defendants


                                 WAGNER, JONES, KOPFMAN &
                                 ARTENIAN

                                 By: /s/Nicholas Wagner
                                        Nicholas Wagner
                                        Settlement Class Counsel and
                                        Attorneys for Plaintiffs